## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JANE DOE**[1]<br>**C/O Gerhardstein & Branch Co. LPA**<br>**441 Vine Street**<br>**Cincinnati, OH 45202,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**JARED GARREN**<br>**MATTHEW GREATHOUSE**<br>**221 East Main Street**<br>**Lancaster, Ohio 43130**<br><br>**Individually and in their official capacities**<br>**as employees of Fairfield County,**<br><br>**And,**<br><br>**DAVID PHALEN**<br>**221 East Main Street**<br>**Lancaster, Ohio 43130**<br><br>**Individually and in his official capacity as**<br>**Sheriff of Fairfield County,**<br><br>**And,**<br><br>**FAIRFIELD COUNTY, OHIO AND**<br>**FAIRFIELD COUNTY BOARD OF**<br>**COMMISSIONERS**<br>**210 East Main Street, Room 301**<br>**Lancaster, Ohio 43130,**<br><br>**Defendants.** | **Case No. 2:17-cv-837**<br><br>**Judge**<br><br><br>**COMPLAINT AND JURY DEMAND** |

---

[1] Plaintiff seeks to proceed under the pseudonym Jane Doe because of the sensitive nature of the case. An affidavit stating her true name is available from Plaintiff counsel.

1

## I.  INTRODUCTION

1.   This civil rights action challenges the rape and sexual abuse of Plaintiff while she was a teenage prisoner at the Fairfield County Jail.  The rape followed a pattern of sexual misconduct by Fairfield deputies who were not properly supervised and disciplined by Defendant Sheriff Phalen.  Plaintiff brings this case to secure fair compensation but also to deter these defendants from raping, sexually assaulting and harassing vulnerable female inmates who reside in the jail now and in the future.

## II. JURISDICTION

2.   Jurisdiction over the claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

## III. PARTIES

3.   Plaintiff is a resident of Fairfield County, Ohio and a citizen of the State of Ohio.

4.   Defendant Jared Garren is a citizen of the State of Ohio. Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of Fairfield County working as a Deputy at the Fairfield County Jail acting under color of law. Defendant Garren is sued in his individual and official capacities.

5.   Defendant Matthew Greathouse is a citizen of the State of Ohio. Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was an employee of Fairfield County working as a Deputy at the Fairfield County Jail acting under color of law. Defendant Greathouse is sued in his individual and official capacities.

6.   Defendant Dave Phalen is a citizen of the State of Ohio. Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case was the elected Sheriff of Fairfield County

2

acting under color of law. Defendant Phalen is sued in his individual and official capacities.

7.   Defendant Fairfield County, Ohio is a unit of local government organized under the laws of the State of Ohio.  The County is sued through the Fairfield County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Fairfield County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

## IV. FACTS

### A.  Plaintiff was a Vulnerable Teenager

8.   Plaintiff is a high school student with a supportive mom and step dad.

9.   She has worked in her mother's small business for several years.

10.  Unfortunately, like too many young people in Fairfield County, Plaintiff has struggled with drug addiction.

### B.  Rape on November 27, 2015

11. In 2015, Plaintiff was incarcerated in the Fairfield County Jail a number of times. During those periods of incarceration Defendant Garren made a number of unwelcome sexual statements to her and engaged in unwanted touching of the Plaintiff.

12.  On the Friday after Thanksgiving, November 27, 2015, Plaintiff was incarcerated at the Fairfield County Jail on drug related charges.

13. On this day, Plaintiff and another female inmate were housed in an observation cell adjacent to the control room.

14.  Plaintiff had injured her hand and requested ice to treat the injury.

15.  Defendant deputies Jared Garren and Matthew Greathouse were working in the control room.

3

16.  Defendant Garren initially refused to provide the ice.  Defendant Garren then insisted that Plaintiff show him her breasts. Plaintiff eventually complied and Defendant Garren provided her with the ice.

17.  The conduct of Defendant Garren was captured on the observation cell surveillance camera.

18.  Plaintiff had blood on her uniform from the events surrounding her injury.  She requested an opportunity to secure a new uniform so she would not have one with blood on it.

19.  Eventually, Defendant Garren came to the door and escorted both Plaintiff and her roommate out to use the bathroom, for rec time and to allow Plaintiff to change her clothes.

20.  Defendant Garren led the women to the restroom area where new uniforms were also located.

21.  Plaintiff's roommate went into the restroom first. She went into the restroom alone. When Plaintiff's roommate came out, Defendant Garren allowed her to go to the rec area. Allowing an inmate from the observation cell to take rec was against jail policy.

22.  Next, Plaintiff was escorted by Defendant Garren into the restroom and to a closet where the clean inmate uniforms were located.

23.  It was against jail policy for a male deputy to escort a female inmate into the restroom. Male officers are not allowed to be alone with female inmates where they are not on camera and when not accompanied by another deputy.

24.  If it becomes necessary for a male deputy to be alone with a female inmate in a restroom where there is no camera, the restroom call box is supposed to be activated by the deputy escorting the female inmate or by the observation cell deputy.

25.  The restroom call box was not activated by either Defendant Garren or Defendant

Greathouse when Defendant Garren was alone in the restroom with Plaintiff.

26. Plaintiff was startled when she realized Defendant Garren was directly behind her blocking her exit. Defendant Garren made sexual advances and frightened Plaintiff into submitting to him. Defendant Garren raped her and ejaculated on the floor.

27. Afterwards, Defendant Garren used Plaintiff's uniform to wipe up the floor.

28. Defendant Garren frightened Plaintiff further by asking her if she would tell anyone while they were still alone in the bathroom.

29. The hall surveillance camera recorded Plaintiff and Garren entering and exiting the restroom where Defendant raped the Plaintiff.

30. They were alone in the restroom for approximately four minutes.

31. Once she was back in the observation cell, Deputy Garren mocked Plaintiff by asking her whether she had a good or fun night.

32. This taunt by Defendant Garren further frightened and intimidated Plaintiff.

**C. Deputy Greathouse failed to protect Plaintiff**

33. Deputy Matthew Greathouse was assigned to the observation cell along with Deputy Garren on the night of the rape. Deputy Greathouse was present during the harassment of Plaintiff in the observation cell.

34. Deputy Greathouse took no action to protect Plaintiff from this harassment. When Deputy Garren gestured for Plaintiff to show him her breasts, Deputy Greathouse did nothing to protect Plaintiff.

35. Deputy Greathouse observed Deputy Garren follow Plaintiff into the restroom but failed to turn on the recording box at that time.  He also failed to report this breech of jail policy to any supervisor.

5

**D.  Retaliation by Deputies Garren and Greathouse Against Plaintiff**

36.  Plaintiff complained about her rape to her mother, to medical staff at the jail, to her probation officer and to an investigator at the Fairfield County Prosecutor Office, and to a sheriff department investigator

37.  Defendant Phalen did not discipline Defendant Garren for the rape.  He did give Garren a written reprimand for harassing her in the observation cell and a written reprimand for entering the restroom alone with the Plaintiff.

38.  Defendant Greathouse was not included in the investigation and was not disciplined for his failure to protect Plaintiff.

39.  Both Defendants Garren and Greathouse continued to have inappropriate relationships with female inmates and continued to harass and abuse female inmates.

40.  In August 2017, Plaintiff reentered the Fairfield County Jail on a probation violation.

41.  Defendants and others acting in concert retaliated against Plaintiff by refusing her hygiene products, refusing access to a cup for water to help with withdrawal, and by singling her out for discipline and harassment and placing her in the hole.

42.  After several days Plaintiff was moved to the Ross County Jail.

**E.  Sheriff Phalen failed to supervise Deputies who sexually harassed female suspects and inmates**

43.  From 2012 through November 2015 there were repeated instances of deputies sexually harassing, having inappropriate sexual relationships, and engaging in unwanted touching and verbal abuse of female inmates, female suspects, and female staff.  That conduct resulted only in a few days suspension for some of the offending deputies.  It was foreseeable that male officers would have opportunities to take advantage of female inmates and suspects.  By failing to supervise and discipline these officers in a serious manner Defendants Phalen and the County

were deliberately indifferent to the safety of the female suspects and female inmates at the Fairfield County Jail.

44.  The failure to supervise and discipline deputies responsible for sexual misconduct was a moving force behind the rape and sexual abuse of Plaintiff perpetrated by Defendant Garren and the failure to protect Plaintiff caused by Defendant Greathouse.

45.  The inappropriate relations between deputies, including Defendants Garren and Greathouse,  with female suspects and inmates, has been ongoing since November of 2015.  The failure to supervise and discipline deputies responsible for sexual misconduct was a moving force for the retaliation experienced by Plaintiff when she re-entered the jail in September 2017.

46.   At all times relevant to this case and with respect to all conduct alleged, Defendants Garren, Greathouse, and Phalen acted unreasonably, intentionally, knowingly, maliciously, recklessly, with deliberate indifference, negligently, willfully and in bad faith.

**F.  Injury to Plaintiff**

47.   As a result of the conduct of the Defendants, Plaintiff suffered serious physical injuries, endured intense physical pain and suffering, humiliation, embarrassment, mental anguish, and severe emotional distress.

### V.  FIRST CAUSE OF ACTION- 42 U.S.C. 1983

48.   Defendants, acting under color of state law, deprived Plaintiff of her clearly established rights, privileges and immunities secured by the First, Fourth, Eighth, and Fourteenth Amendment to the U.S. Constitution of which a reasonable person would have known.  These rights include but are not limited to the right to be free from excessive force, the right to due process, the right to free speech, the right to petition the government, the right to be free of cruel and unusual punishment, the right to equal protection under the law, the right to be protected

7

from harm, and the right to be free from unwanted sexual advances, unwanted touching, sexual assault, retaliation, and rape.

49.   Sheriff Phalen and the County were on notice of the obvious need to supervise deputies with respect to the sexual harassment and abuse and protection of female suspects and inmates and failed to adequately supervise them. This failure to supervise was a moving force behind the injuries to the plaintiff in this case.

## VI.  SECOND CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.   Defendant Garren intentionally and/or recklessly acted in a manner, which he knew or should have known, would cause unreasonable and severe emotional harm to Plaintiff.

51.   Defendant Garren's conduct was extreme and outrageous.

52.   Defendant Garren's conduct proximately caused Plaintiff's serious emotional injuries.

## VII.  JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award punitive damages against all Defendants except Fairfield County in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs, and disbursements;

D. Award Plaintiff pre and post judgment interest;

E. Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiff
Jennifer L. Branch (0038893)
Attorney for Plaintiff
Janaya Trotter Bratton (0084123)
Attorney for Plaintiff
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel (513) 621-9100
Fax (513) 345-5543
agerhardstein@gbfirm.com
jbranch@gbfirm.com
jtbratton@gbfirm.com